**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, Appellant,**

**v.**

**Graciela GAMBOA et al., Appellees.**

**No. 777.**

Court of Civil Appeals of Texas, Corpus Christi.

July 31, 1973.

Rehearing Denied Aug. 31, 1973.

Garcia & Warburton, J. O. E. Warburton, Brownsville, for appellant.

J. L. Covington, Pharr, for appellees.

OPINION

YOUNG, Justice.

This is a suit to enjoin the Brownsville Independent School District from excluding Graciela Gamboa and Elias Guerra from its public free schools.

After it conducted separate hearings for each of the children, the board of trustees of the school district, based upon residence requirements in its admission policy, denied admission to both children. The trial court denied the request of the plaintiff Gamboa for a temporary injunction. She appeals from that part of the order. The trial court granted the request of plaintiff Guerra for a temporary injunction. From that part of the order the school district appeals.

The question to be decided is whether there was substantial evidence that the plaintiff children resided in the school district in compliance with the meaning of the term "resides" as it is used in V.T.C.A., Education Code § 21.031. Pertinent provisions of § 21.031 are as follows:

"(b) Every child in this state over the age of six years and not over the age of 21 years on the first day of September of the year in which admission is sought shall be permitted to attend the public free schools of the district in which he resides or in which his parent, guardian, or the person having lawful control of him resides at the time he applies for admission notwithstanding the fact that he may have . . . attended school elsewhere for a part of the year.

(c) The board of trustees of any public free school district of this state shall admit into the public free schools of the district free of tuition all persons over six and not over 21 years of age at the beginning of the scholastic year if such person or his parent, guardian or person having lawful control resides within the school district."

On September 5, 1972, the board of trustees of the defendant school district adopted the following admissions policy:

"Pupils . . . will be further required to have residence within the district with a parent or guardian, legally appointed by a court of competent jurisdiction, having lawful control and legally residing in the district. Pupils who have one or both parents living are presumed to reside with such parents or parent unless proved otherwise to the satisfaction of the Board of Trustees."

Each of the plaintiff children is eight years old and is an American citizen by reason of birth in Texas. Until reaching school age, each has lived in Mexico since infancy with parents who are Mexican citizens. Before attempting to enroll in the schools of Brownsville, each child entered and completed one year of school in Matamoros, Mexico.

First, we will consider the merits of the residence contention of plaintiff, Elias Guerra. On November 21, 1972, the defendant school met in regular session and the minutes of that meeting reflect the following:

"Elias Guerra—Lived with aunt in Brownsville. Aunt hold guardianship letter issued August 1971. Parent live in Matamoros and are both Mexican citizens. Child is an American citizen. He is commuting now because grandmother is ill and the aunt is not able to take care of him at this time. After discussion, motion . . . carried to deny

admission of Elias Guerra to attend Brownsville Schools since parents live out of district and the boy is in Brownsville only for the purpose of attending school."

[1, 2] The findings of a school board must be supported by substantial evidence. Patillo v. County School Trustees of Wilson County, 235 S.W.2d 924 (Tex.Civ.App.—San Antonio 1951, no writ); Canutillo Independent School District v. Anthony Independent School District, 442 S.W.2d 916 (Tex.Civ.App.—El Paso 1969, n. r. e.). The determination of whether there existed substantial evidence at the time findings were made is based upon the evidence presented to the trial court. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 440 (1946). See Reavley, Substantial Evidence and Insubstantial Review in Texas, 23 Southwestern Law Journal 239, 240 (1969).

■ Relative to the Guerra child, the evidence concerning his residence shows that in July 1971 he left his parents' home near Matamoros and came to live with his maternal aunt, Evangelina Almaguer, in Brownsville at an address within the school district. He has lived there with her ever since. In August of the same year, the aunt was appointed guardian of the person of the nephew. She enrolled him in a school of the defendant school district where he attended all of the 1971–1972 school year. He was enrolled in the same school for the school year 1972–1973 and was attending regularly until he was suspended from school by action of the school board, as reflected in its minutes, supra. Sometime in November 1972, as the Guerra child was coming across the bridge from Matamoros to Brownsville, he was stopped and questioned by a customs officer, who was also a member of the school board of the defendant school district. The customs officer referred the child to the school attendance officer. After a conference with the child and his aunt, the attendance officer told the child and the aunt to take the matter up with the school board. Subsequently they did so. At the trial, Mrs. Almaguer gave her explanation of the child's coming from Matamoros to Brownsville to attend school. At this time there was an illness in the family requiring her attention. Consequently, the plaintiff nephew and another nephew went to visit in Matamoros, according to her. They stayed overnight and were questioned when they came back across the bridge the next morning. The aunt further said that this was the first trip back to Matamoros the child had made since he had first started to school in Brownsville. We hold that the foregoing does not demonstrate reasonable support by substantial evidence for the exclusion of Elias Guerra by the defendant school district from its public free schools.

For Elias Guerra to attend school in the Brownsville public free schools may have been the initial purpose of the child's parents in their sending him to live with his aunt. Nevertheless, he has lived in his aunt's home as a part of her household for approximately sixteen months continuously except for the brief interruption which came to the attention of the defendant's school board. Additionally, by being appointed the guardian of the child's person, Mrs. Almaguer has become responsible for his discipline, food, clothing and shelter. There is sufficient permanency in the plaintiff's residence status within the defendant's district to satisfy the statutory requirement of 21.031, supra.

■ Further, if it be assumed that the Guerra child is not a resident of the defendant school district, there is yet another reason why he should not be excluded from the defendant's public free schools. The statute, 21.031, supra provides that a child (of his age) shall be admitted to attend public free schools if he *or* his guardian resides within the school district wherein admission is sought. His aunt, who is his guardian, without question resides within the defendant school district.

Next, we will consider the merits of the residence contentions of plaintiff, Graciela Gamboa. On November 7, 1972, the defendant's school board met and the minutes of that meeting reflect:

"Mrs. Alicia G. Reyes appeared before the board and requested that her niece, Graciela Gamboa, be allowed to live with her in Brownsville and attend school while her mother, Ignacia Gonzalez, who was also present at the meeting could move to Brownsville. Mrs. Gonzalez is presently living at Guillermo Prieto No. 85 in Matamoros and works in Brownsville.

After discussion, motion . . . carried to reject the plea of Mrs. Reyes until the child's mother moves to Brownsville and the girl will be eligible to attend local public schools."

At the trial, evidence presented concerning residence of the Gamboa child showed that in June 1972 she came from Matamoros to Brownsville to live with her aunt, Mrs. Reyes, who resides within the boundaries of the defendant school district. The child lived with the aunt in Brownsville for the remainder of the summer until the beginning of school. At that time the aunt attempted to enroll the child in one of defendant's schools. Admission was refused and Mrs. Reyes then applied for appointment as guardian of the Gamboa child. The defendant school district filed an answer contesting the application of Mrs. Reyes. She has not yet been appointed. After failing in her efforts to be appointed guardian, Mrs. Reyes sent the child back to her mother in Matamoros so that she might attend school there. In October 1972 and while the child was still enrolled in school in Matamoros, the aunt, Mrs. Reyes, again brought the Gamboa child to one of the defendant's schools and asked that she be enrolled. She and the child were referred to the attendance officer who told them to take the matter up with the school board. They did so on November 7th. The defendant's school board denied admission to the Gamboa child as shown by the minutes, supra. We hold the school board's action was reasonably supported by substantial evidence.

At the time, November 7, 1972, of the second request to the defendant's school board for admission of the Gamboa child, there is no serious contention by any of the parties that the child was a resident of the defendant school district. Her mother was not a resident nor was there a resident in lawful control of her. Section (b) of 21.031, supra, requires residence in the school district of at least one of the above "at the time he applies for admission."

The appellant, Gamboa child, contends that Section (c) of 21.031, supra, applies to her because that section requires residence on the part of the child or parent or guardian or person in lawful control of her "at the beginning of the scholastic year." She asserts that she was a resident of the defendant's school district at the beginning of the school year in that she was living with her aunt, Mrs. Reyes, and that such residence at that time qualified her for admission to the defendant's schools. Evidence presented at the trial shows: that the plans of the mother of the Gamboa child were to move to Brownsville at some unspecified time in the future; that the plans of the aunt in Brownsville were that the child would live with her till the mother did move to Brownsville; that the child did return to live with her mother in Matamoros. Therefore, at the beginning of the 1972–1973 school year the residence status of the Gamboa child was vague and temporary. For these reasons, and considering section (c) of 21.031, supra, exclusion of the child by the defendant's school board from the defendant's public free schools was reasonably supported by substantial evidence.

The judgment of the trial court is affirmed.