**CANUTILLO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**ANTHONY INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 6020.**

Court of Civil Appeals of Texas.

El Paso.

June 11, 1969.

Rehearing Denied July 9, 1969.

Diamond, Rash, Leslie & Schwartz, Nelson Smith, El Paso, Pat Bailey, Asst. Atty. Gen., Austin, for appellant.

Allan L. Poage, El Paso, for appellees.

OPINION

PRESLAR, Justice.

This is an appeal from a judgment of the District Court decreeing an order of the State Commissioner of Education, approved by the State Board of Education, invalid. We affirm.

■ A group of voters residing in an area of the Canutillo Independent School District petitioned the County Judge of El Paso County to detach such area from the Canutillo District and annex it to the Anthony Independent School District under the provisions of Article 2742f, Vernon's Ann.Civ.St. In El Paso County, the County Judge has the powers and exercises the duties ordinarily performed by a County Board of School Trustees, as El Paso County no longer has such a board of trustees. By virtue of Article 2688i, V.A.C.S., the County Judge replaced the Board of Trustees of the County in which both of these school districts are located, and his acts in that capacity must be reviewed as though we were reviewing the acts of a County School Board or County Board of Trustees, as same are referred to in the statutes and decided cases. In the instant case, when the petition of A. B. Greenwood and seven other petitioners was filed with the County Judge, he, in the capacity stated, held a hearing and thereafter entered his order granting the petition. An appeal was taken to the State Superintendent of Education, J. W. Edgar, and his opinion, contrary to that of the County Judge, was approved by the State Board of Education, and that ruling was appealed to the District Court. The case now before us is an appeal from the District Court.

■ Article 2742f, in the part applicable here, provides, in substance, that the County Board of Trustees shall have the authority, when petitioned as provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts. The petition must be signed by a majority of the qualified voters of the territory to be detached, must describe such territory by metes and bounds, and it must be approved by the Board of Trustees of the District to which the territory is to be added. The article further provides:

"* * * Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer * * *."

Thus the Legislature has provided an orderly procedure whereby territory may be detached from one school district and attached to another. It has vested authority in the Board of Trustees to make a determination as to whether that procedure has been complied with. In our case that authority is vested in the County Judge. He found all facts to exist in compliance with the statute. His findings are conclusive in absence of a showing of fraud or bad faith. Rio Vista Ind. Sch. Dist. v. Grandview Ind. Sch. Dist., Tex.Civ.App., 379 S.W.2d 408; School Board of City of Marshall v. State, 162 Tex. 9, 343 S.W.2d 247 (citing numerous cases). The decision to transfer or not to transfer is discretionary with the County Board of Trustees (in our case, the County Judge), and can only be set aside on a finding of an abuse of discretion. Sabinal Independent School Dist. v. County Board, Tex.Civ.App., 211 S.W.2d 331 (err.ref.).; Patillo v. County School Trustees of Wilson County, Tex. Civ.App., 235 S.W.2d 924; Alanreed Ind. Sch. Dist. v. McLean Ind. Sch. Dist., Tex. Civ.App., 354 S.W.2d 232 (ref. n.r.e.).

■ Throughout this appeal then, the questions have been whether the facts found by the County Judge were found in bad faith or fraudulently, and whether he abused his discretion in ordering the transfer. We agree with the trial court that the overturning of his order by the Commissioner of Education, approved by the State Board of Education, is not reasona-

bly supported by substantial evidence. The fact that the petition was signed by a majority of the qualified voters of the territory to be detached is not challenged, nor is the fact of approval of the petition by the Board of the District to which the territory is to be annexed. There is some disagreement as to the territory being one contiguous tract, but that is resolved by a stipulation of the parties, and the territory was described by metes and bounds. In brief, all the requirements of Article 2742f were complied with, the County Judge held a hearing and entered his order granting the petition, and no abuse of discretion is shown as to such action.

■ In reviewing the action of the State Board of Education, the trial court was bound to do so under the substantial evidence rule. Patillo v. County School Trustees of Wilson County (supra). Appellant urges that the court did not decide this case under the substantial evidence rule because the court, at appellant's request, made some fifteen findings of fact. We are unable to conclude that the act of finding that certain facts were in existence is contrary to the judgment that the order of the Board is not reasonably supported by substantial evidence. Through the trial, and in its judgment, the court indicated that the question before it was whether the Order appealed from was reasonably supported by substantial evidence.

■ During the course of these proceedings, Article 2742f was amended by the Legislature by adding thereto a proviso that under certain formula of the ratio of students to be transferred to the tax valuations, the petition for transfer of territory must be approved by the Board of Trustees of the District from which the transfer is sought. Appellant urges that this provision having become law after the County Judge ruled, but before the Commissioner and the State Board acted, it controls the disposition of this case. Under the amendment of Article 2742f (by House Bill 889), the approval of the petition for transfer by appellant, Canutillo, is necessary, and ob-

viously it has never given that approval. As to future petitions coming within the provisions of the amendment, that will be true, but we cannot agree with appellant that it has any application to this case. At the time the petition of A. B. Greenwood and others was presented to the County Judge and ruled on by him, such petition met all the requirements of the then existing law. From the order of the County Judge an appeal was taken to the State administrative agency; from that agency an appeal was taken to the District Court, and from that court an appeal was taken to this court. This case, then, has been and is an appeal from the order of the County Judge. All trials subsequent to the one held by the County Judge have been for the purpose of passing on the correctness of the County Judge, as to his findings of fact and application of the law. Review of his interpretation and application of the law as it existed at the time of his ruling is all that is involved. House Bill 889 has no place in this appeal.

All points of error have been considered, and all are overruled.

The judgment of the trial court is affirmed.