UPSHUR COUNTY COMMISSIONERS COURT, et al., Appellants,

v.

The CENTRAL EDUCATION AGENCY of the State of Texas, et al., Appellees.

No. 14327.

Court of Appeals of Texas, Austin.

Aug. 28, 1985.

Rehearing Denied Oct. 2, 1985.

Donald G. Henslee, Henslee & Ryan, Austin, for appellants.

Jim Mattox, Atty. Gen., Eva King Loutzenhiser, Asst. Atty. Gen., Austin, for Central Educ. Agency and State Com'r of Educ.

William C. Bednar, Jr., Eskew, Muir & Bednar, Austin, for Union Grove Independent School Dist.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Upshur County Commissioners Court and the Board of Trustees of the Gilmer Independent School District appeal from an adverse judgment rendered in the trial court affirming a decision by the State Board of Education. We will reverse the judgment of the trial court and render judgment in favor of the Upshur County Commissioners Court.

This case arises out of the proposed detachment of certain real property in Upshur County, Texas from the Union Grove Independent School District and annexation of that same property into the Gilmer Inde-

pendent School District. In July 1983, the Upshur County Commissioners Court, sitting as the county board of education pursuant to Tex.Educ.Code Ann. § 17.96(e) (Supp.1985), was presented with a petition seeking the proposed detachment and annexation of this property, brought pursuant to Tex.Educ.Code Ann. § 19.261 (1972). On completion of the statutorily required hearing, the Commissioners found that the proponents of the detachment and annexation had established each of the elements prescribed for such action in § 19.261 and that the petition was legally sufficient. Accordingly, the Commissioners Court ordered that the property be detached from the Union Grove Independent School District and annexed to the Gilmer Independent School District.

The Union Grove Independent School District then appealed this order to the State Commissioner of Education. At the conclusion of his review, the Commissioner also determined that the proponents of the detachment and annexation had satisfied each of the necessary elements required in § 19.261, but reversed the order of the Upshur County Commissioners Court. He concluded that the proponents were seeking detachment and annexation to avoid the higher tax rate of the Union Grove Independent School District and that § 19.261 was not intended to allow detachment and annexation for this purpose. He further concluded that allowing the detachment and annexation in this case would be unsound as a matter of educational policy and would not promote "improvement in the public school system of this State." The State Board of Education thereafter affirmed this action by the Commissioner and the proponents of the detachment and annexation sought review in the trial court, which affirmed the order of the State Board of Education. It is from this judgment that the proponents of the detachment and annexation now appeal.

The trial court, in affirming the decision of the State Board of Education, concluded that the Commissioner and the State Board were not limited in their review of the order of the Commissioners Court to merely determining whether the proponents of the detachment and annexation satisfied the statutory elements of § 19.261. The trial court further concluded that the Commissioner and the State Board are vested by the Legislature with discretion to consider the "social, economic and educational effects" of a proposed detachment and annexation in their review. The Commissioner argues that he is vested with this discretion by Tex.Educ.Code Ann. § 11.13(a) (Supp.1985), which provides:

(a) Persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

The Commissioner further argues that the standards within which he is to exercise this discretion are supplied in Tex.Educ. Code Ann. § 11.52(b) (1972), which provides:

The commissioner of education shall be responsible for promoting efficiency and improvement in the public school system of the state and shall have the powers necessary to carry out the duties and responsibilities placed upon him by the legislature and the State Board of Education.

The issue presented here for review is whether the State Board of Education and the Commissioner of Education may refuse a statutorily sufficient petition for detachment and annexation brought pursuant to § 19.261 on grounds not expressly listed in that section.

After setting out the statutory requirements for a petition for detachment and annexation, § 19.261 provides:

(g) After the conclusion of the hearing, the county governing board may pass an order transferring the territory and rede-

fining the boundaries of the district affected by the transfer. The order shall be recorded in the minutes of the county governing board.

By their first point of error, the Upshur County Commissioners Court and the Gilmer Independent School District contend that the Commissioner of Education and the State Board of Education exceeded their statutory authority in denying the proposed detachment and annexation on grounds other than those listed in the statute. We agree.

A statutorily sufficient petition for detachment and annexation, brought pursuant to § 19.261, must contain the following:

(a) The signatures of a majority of the qualified voters residing in the territory to be detached;

(b) The metes and bounds of the territory to be detached;

(c) The petition must state and it must be later established that the proposed annexation meets the approval of the board of trustees of the district to which the annexation is to be made;

(d) Certain statistical standards, determined on an objective basis, must be met concerning the amount of assessed evaluation of taxable property and the number of scholastics residing in the proposed area to be detached;

(e) It must be alleged and established that the school district from which the detachment is made will not be reduced to a geographical area of less than nine square miles.

■ The statute contains no other standards governing the grant or denial of the detachment and annexation. It does not expressly provide for any discretion to be vested in reaching this determination in the county level officials, the Commissioner of Education or the State Board of Education, beyond whether the statutory criteria have been established.

■ Section 19.261 is a specific statute prescribing specific procedures for a particular action with definite objective standards. The Commissioners Court is vested with discretion to determine if all of the necessary elements under § 19.261 have been established by the proponents. *Canutillo I.S.D. v. Anthony I.S.D.*, 442 S.W.2d 916 (Tex.Civ.App.1969, writ ref'd n.r.e.). The Commissioner, pursuant to Tex.Educ.Code Ann. § 11.13(a), *supra*, may, in his review, determine if the Commissioners Court's order is supported by substantial evidence. Section 19.261 does not vest discretion in the Commissioner or the State Board to deny a statutorily sufficient petition solely because of the motives of the proponents or the wisdom of the proposed detachment and annexation. *See Starr County v. Starr Industrial Services Inc.*, 584 S.W.2d 352 (Tex.Civ.App.1979, writ ref'd n.r.e.).

■ Section 11.52(b), relied upon by the Commissioner, endows him with a broad mandate, stated in vague and general terms. While it directs him to act for the general purposes of efficiency and improvement in public education, and gives him "the powers necessary to carry out the duties and responsibilities placed upon him by the legislature and the State Board of Education," it lacks concrete standards to guide him in the exercise of any discretion it purports to vest in him. We may not imply discretion in an administrative body, where such discretion is not expressly granted in clear and unmistakable terms by statute, *Key Western Life Ins. Co. v. State Board of Insurance*, 350 S.W.2d 839 (Tex. 1961); nor may we interpret statutory provisions to permit the making of "standards which are different from or inconsistent with the statute, even though they may be reasonable and may be administered reasonably." *Bloom v. Texas State Board of Examiners of Psychologists*, 492 S.W.2d 460, 462 (Tex.1973). Every grant of discretion to an administrative body must be accompanied by adequate legislative standards to guide and restrain the administrative body in the exercise of that discretion. *Texas Antiquities Committee v. Dallas County Community College District*, 554 S.W.2d 924 (Tex.1977).

In construing a statute, we must strive to adopt a construction that supports the constitutionality of the statute. *Bloom, supra; Railroad Commission of Texas v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022 (1942). We are unable to adopt the appellees' proffered construction of §§ 19.261, 11.13(a) and 11.52(b) and meet that mandate. The Commissioner and the State Board of Education exceeded their statutory authority in denying a statutorily sufficient petition upon grounds not prescribed in the statute. Appellants' first point of error is sustained.

The judgment of the trial court is reversed, and judgment is here rendered sustaining the order of the Upshur County Commissioners Court.