CENTRAL EDUCATION AGENCY OF
the STATE OF TEXAS, et al.,
Petitioners,

v.

UPSHUR COUNTY COMMISSIONERS
COURT, et al., Respondents.

No. C–4721.

Supreme Court of Texas.

April 29, 1987.

Rehearing Denied July 15, 1987.

Jim Mattox, Atty. Gen., George Arlon
Warner, Jr., Asst. Atty. Gen., and William
C. Bednar, Jr., Eskew, Muir & Bednar,
Austin, for petitioners.

Donald G. Henslee, Henslee, Ryan, Underwood & Grace, P.C., Austin, for respondents.

## OPINION

GONZALEZ, Justice.

This case involves the appeal of a county commissioners court order detaching territory from one school district and annexing it to another. The Commissioner of Education reversed this order and the State Board of Education affirmed. The trial court affirmed the order of the State Board. The court of appeals reversed the trial court's judgment and reinstated the order of the county commissioners. 697 S.W.2d 443. We affirm the judgment of the court of appeals.

In July 1983, the Upshur County Commissioners Court was presented with a detachment and annexation petition signed by a majority of the qualified voters in a territory contiguous to Gilmer Independent School District. After a hearing, the Commissioners Court, sitting as the county board of education pursuant to TEX. EDUC. CODE ANN. § 17.96(e), found that all of the statutory requirements were met and issued an order detaching the territory from Union Grove Independent School District and annexing it to Gilmer I.S.D. The statutory requirements pertinent to this appeal are set forth in TEX. EDUC. CODE. ANN. § 19.261 (Vernon 1972);[1] the parties do not dispute the fact that the statutory requirements were met.

Union Grove I.S.D. appealed to the Commissioner of Education who also found that the requirements of section 19.261 were met. However, the Commissioner reversed the order based upon his finding that the petitioners were motivated by the desire to escape Union Grove's higher tax rate and upon his conclusion that the detachment and annexation would be unsound as a matter of educational policy. The State Board affirmed.

The Upshur County Commissioners Court and Gilmer I.S.D. sought judicial review of the agency's action pursuant to TEX. REV. CIV. STAT. ANN. art. 6252–13a, § 19. The trial court affirmed the decision of the State Board, concluding that the Commissioner and State Board were not limited in their review of a commissioners court order to merely determining whether the statutory criteria had been satisfied.

The court of appeals reversed the trial court's judgment and held that the Commissioner and State Board had exceeded their statutory authority. The court of appeals also noted that § 19.261 did not provide the county commissioners with authority to exercise any discretion beyond determining whether the statutory criteria were met.

■ We disagree with the court of appeals as to the discretion that may be exercised by the county commissioners in detachment and annexation proceedings. Section 19.261(a) states that the county officials "shall have the authority, when duly petitioned ..." to detach and annex school district territory. Subpart (g) of the statute further provides:

> After the conclusion of the hearing, the county governing board *may* pass an order transferring the territory and redefining the boundaries of the district affected by the transfer. (Emphasis added.)

Thus, by its plain language, the statute does not create an automatic entitlement to detachment and annexation once the statutory requirements are met, but merely provides the county commissioners with the authority to do so and states that they "may" pass an order transferring the territory.

Moreover, two cases have construed the predecessor statute to § 19.261, (TEX. REV. CIV. STAT. ANN. art. 2742f (Vernon 1942)), so as to vest discretion in the county officials to grant or deny a statutorily sufficient detachment and annexation petition.

---

1. This statute has since been amended and recodified at TEX. EDUC. CODE ANN. § 19.022

(Vernon Supp. 1986).

*Schlemmer v. Board of Trustees of Limestone County*, 59 S.W.2d 264 (Tex. Civ. App.—Waco 1933, writ ref'd); *Prosper I.S.D. v. Collin County School Trustees*, 51 S.W.2d 748 (Tex. Civ. App.—Dallas 1932), *aff'd*, 58 S.W.2d 5 (Tex. Comm'n App. 1933). Petitioners mistakenly rely on these cases as authority for the exercise of discretion by the Commissioner of Education. However, *Schlemmer* and *Prosper I.S.D.* recognize the discretion of only the county officials.

■ The critical issue that we must now determine is what sort of review the Commissioner may exercise over the decision of the county officials. Although TEX. EDUC. CODE ANN. § 11.13(a) provides the Commissioner with authority to hear appeals from such decisions, it does not specify the nature of review. Petitioners cite TEX. EDUC. CODE ANN. § 11.52(b) which provides:

The commissioner of education shall be responsible for promoting efficiency and improvement in the public school system of the state and shall have the powers necessary to carry out the duties and responsibilities placed upon him by the legislature and the State Board of Education.

Petitioners contend that this statute affords the Commissioner broad discretion to conduct a de novo review of county commissioners' detachment and annexation decisions and to consider factors other than the statutory criteria of section 19.261. If petitioners were correct, the Commissioner would effectively be making the decision rather than merely reviewing the decision of the county officials. In reality, a true trial de novo is not an "appeal" but is a new proceeding. *Key Western Life Ins. Co. v. State Bd. of Insurance*, 163 Tex. 11, 350 S.W.2d 839, 846 (1961). TEX. EDUC. CODE ANN. § 11.13(a) only authorizes the Commissioner to hear "appeals."

"Agencies may only exercise those powers granted by statute, together with those necessarily implied...." *City of Sherman v. Public Utility Commission*, 643 S.W.2d 681 (Tex.1983). Therefore, if the Legislature intends that the Commissioner should have authority to actually decide detachment and annexation questions, it must say so. *See also Texas Antiquities Committee v. Dallas County Community College District*, 554 S.W.2d 924, 928 (Tex.1977). We will not interpret the general section 11.52(b) mandate of "promoting efficiency and improvement" to mean that the Commissioner can substitute his judgment for that of the county officials to whom the decision-making authority is specifically granted.

Petitioners cite *Jordan v. State Board of Ins.*, 160 Tex. 506, 334 S.W.2d 278 (1960) as an example of this court's acceptance of broad phrases for administrative standards. The statute involved in *Jordan* granted the Board of Insurance Commissioners authority to revoke an insurer's certificate based upon a finding that the company's officers and directors were "not worthy of the public confidence." Petitioners argue that the standard of educational efficiency is no more broad than this. However, the critical difference is that the statute reviewed in *Jordan* clearly designated the entity to whom the authority was delegated and the action authorized—i.e., the Board of Insurance Commissioners was granted authority to revoke certificates. Nowhere has the Legislature delegated to the Commissioner of Education the authority to grant or deny detachment and annexation petitions. Instead, the Legislature has expressly provided that the county officials "shall have the authority" over detachment and annexation decisions. TEX. EDUC. CODE ANN. § 19.261.

In hearing appeals from county officials' detachment and annexation decisions, the Commissioner is not to decide the issue anew or to substitute his own judgment for that of the county officials. The decision to transfer or not to transfer school district territory is discretionary with the county commissioners subject to the minimum requirements of section 19.261.

■ This does not mean that the Commissioner cannot conduct an evidentiary

hearing. However, the "de novo" hearing[2] before the Commissioner must be solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the county commissioners and whether their decision is supported by substantial evidence. Article VII, § 1 of the Texas Constitution charges the Legislature "to establish and make suitable provision for the support and maintenance of an efficient system of public free schools." The Legislature responded to this charge by creating in section 19.261 a specific system by which qualified voters could petition for and obtain the transfer of territory from one school district to another. The Legislature expressly delegated the decision-making authority to the county officials. In this case, the Upshur County Commissioners Court chose to exercise its authority and transferred the territory. On appeal, the Commissioner found that all the statutory requirements of section 19.261 had been met and did not find any abuse of discretion. Therefore, the county officials' order transferring the territory was within the bounds of the law; and the Commissioner exceeded his statutory authority in reversing their decision.

The judgment of the court of appeals is affirmed.

RAY, J., files a dissenting opinion in which HILL, C.J., and SPEARS and MAUZY, JJ., join.

RAY, Justice, dissenting.

I dissent. I would hold that the Commissioner of Education may exercise trial de novo review in this appeal taken under TEX. EDUC. CODE ANN. § 11.13(a).

It is clear under Texas law that the substantial evidence rule does not apply in appeals taken from one administrative agency to another. *Lorena I.S.D. v. Rosenthal Com. Sch. Dist.,* 421 S.W.2d 491, 493 (Tex. Civ. App.—Waco 1967 writ ref'd n.r.e.) and authorities cited. *See also, Temple I.S.D. v. State Board of Education,* 493 S.W.2d 543, 544 (Tex. Civ. App. —Austin, 1973 no writ). The court in *Canutillo I.S.D. v. Anthony I.S.D.,* 442 S.W.2d 916, 918 (Tex. Civ. App.—El Paso 1969, writ ref'd n.r.e.) based its erroneous holding to the contrary on a line of cases in which appeal from the county officials' decision was taken directly to the district court. In such a situation the doctrine of separation of powers mandates that the district court only review the county officials' determination for fraud, bad faith or abuse of discretion, essentially a substantial evidence type of review. The separation of powers rationale for such a requirement is not applicable to review of one agency's decision by another. If the Legislature had intended the Commission's delegated review power to be limited it could have provided for such as it has done in cases of appeals by teachers or students under TEX. EDUC. CODE ANN. § 11.13. TEX. EDUC. CODE ANN. §§ 21.207(a) and 11.13(b) (Vernon Supp. 1987).

Respondents argue that if trial de novo review is within the discretion delegated to the Commissioner by the Legislature such delegation is unconstitutionally vague as it fails to set out standards by which it must exercise its discretion. Arguably property interests sufficient to challenge the constitutionality of the Legislature's delegation of authority are not raised by this appeal. However, the Legislature's delegation of discretion to the administrative agencies here is not unconstitutionally vague.

After delegating detachment and annexation authority to the county officials the Legislature provided for review of those

---

2. Historically, Texas law has recognized two types of "de novo" review: pure trial de novo and substantial evidence trial de novo. *Southwestern Bell Telephone Co. v. Public Utility Commission,* 571 S.W.2d 503, 507 (Tex. 1978). The "de novo" review that the Commissioner may exercise over county officials' detachment and annexation decisions is akin to the substantial evidence trial de novo. *Cf., Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). *Lorena I.S.D. v.*

*Rosenthal Common School District,* 421 S.W.2d 491 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.) is not controlling because the petitioners had contended before the court of appeals that the Commissioner was limited to reviewing only the evidence that was before the county officials. The court of appeals correctly recognized that the Commissioner was not so limited; however, the court did not even address the "substantial evidence trial de novo" type of review.

decisions by the Commissioner of Education and the State Board of Education knowing that the Commissioner was delegated with the responsibility "for promoting efficiency and improvement in the public school system of the state and shall have the powers necessary to carry out the duties and responsibilities placed upon him by the Legislature [review under Tex. Educ. Code § 11.13.] and the State Board of Education." TEX. EDUC. CODE ANN. § 11.52(b). This is no more vague than a similar standard guiding the State Board of Insurance and held constitutional by this court in *Jordan v. State Board of Ins.*, 334 S.W.2d 278 (Tex.1960).

Thus, I would hold that the Commissioner and the State Board of Education properly exercised their discretion in overturning the county officials' decision, and having reviewed the record before the State Board of Education, I find that their decision to uphold the Commissioner was supported by substantial evidence. For these reasons I would reverse the judgment of the court of appeals and affirm that of the trial court.

HILL, C.J., and SPEARS and MAUZY, JJ., join in this dissenting opinion.