

# THE ATTORNEY GENERAL
# OF TEXAS

December 7, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Carlos Valdez
Nueces County Attorney
901 Leopard, Room 206
Corpus Christi, Texas    78401

Opinion No.  JM-833

Re: Collection of county
taxes (RQ-962)

Dear Mr. Valdez:

You advise that a tax assessor collector has been elected in Nueces County pursuant to article VIII, section 14, of the Texas Constitution, and ask about the validity of two legislative enactments that would seemingly permit the collection of county taxes by persons other than that officer.

Article VIII, section 14, of the constitution reads:

> Except as provided in Section 16 of this Article, there shall be elected by the qualified voters of each county, an Assessor and Collector of Taxes, who shall hold his office for four years and until his successor is elected and qualified; <u>and such Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature</u>. (Emphasis added.)

When the constitution was originally adopted in 1876, the Assessor of Taxes and the Collector of Taxes were separate officers. Article VIII, section 14, which originally concerned only the tax assessor, then specified no particular duties for that officer to perform, leaving the matter to the legislature. The original provision read:

> There shall be elected by the qualified electors of each county at the same time and under the same law regulating the election of State and county officers, an Assessor of

> Taxes, who shall hold his office for two years and until his successor is elected and qualified.

Tex. Const. art. VIII, §14 (1876).

The <u>collection</u> of taxes was treated in section 16, of article VIII. It originally read:

> The Sheriff of each county, in addition to his other duties, shall be the collector of taxes therefor. But in counties having ten thousand inhabitants, to be determined by the last preceding census of the United States, a Collector of taxes shall be elected to hold office for two years and until his successor shall be elected and qualified.

Tex. Const. art. VIII, §16 (1876).

While these original provisions of the constitution were still in place, the Texas Supreme Court decided <u>Missouri, K & T Railway Co. of Texas v. Shannon</u>, 100 S.W. 138 (Tex. 1907). The court wrote:

> It is argued that section 14, properly construed, means, not only that there shall be an assessor of taxes elected for each county, but that he and no other officer shall be intrusted with any part of the duty of making the assessment. We think the claim is too broad. The section contains no language which expressly prohibits the appointment of a board to assess taxes in a particular case. <u>Unlike other provisions of the Constitution which create offices, it does not define the duties of the officer, from which we think it is to be inferred that the scope of his duties were left to the determination of the Legislature</u>. While we think that the Legislature could not strip the assessor of all authority, and probably that it was intended by the framers of the Constitution that all ordinary assessments of property for taxation should be made by him, still we think it was not intended to deprive the Legislature of the power of devolving the duty upon another

officer, or board to assess property in some special case, where, as in the present instance, the county assessors were clearly unable from the means at their disposal to ascertain with any reasonable degree of approximation the value of the intangible assets of the railroad company, and still less capable of making intelligently the apportionment due to their respective counties. (Emphasis added.)

Later, after the Supreme Court in Shannon had construed section 14 of article VIII to permit definition by the legislature of the scope of the tax assessor's duties and to permit its placement of some assessment duties elsewhere, both sections 14 and 16 of article VIII were amended. In 1932, section 14 was amended to change the title of the officer to "Tax Assessor and Collector" and to add the following language:

[A]nd such Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxa- tion and of collecting taxes, as may be pre- scribed by the Legislature.

See H.J.R. 21, Acts 1931, 42d Leg., at 942. At the same time, section 16 was amended to make the sheriff the "Assessor and Collector of Taxes" for the county, but to require the election of a separate Tax Assessor and Collector "as provided in Section 14" in counties of 10,000 inhabitants or more. Id. at 943.[1]

It is possible to read the added language of section 14 in different ways. It can be argued that the provision intends the words "all duties" to be read as "such duties," so that the officer is to perform only such duties as the legislature prescribes, much as article IV, section 23, of the constitution specifies that the comptroller of public accounts, the treasurer, and the commissioner of the general land office are to

---

1. In 1954, section 16a was added to article VIII, allowing the election of a separate assessor-collector of taxes in counties having less than 10,000 inhabitants. See H.J.R. 8, Acts 1953, 53d Leg., at 1175.

"perform such duties as are or may be required by law." Alternatively, the language may be read to mean "all duties with respect to assessing property for purposes of taxation and of collecting taxes" that the legislature prescribes are to be performed by that officer. It was read in this way by Attorney General Letter Advisory No. 117 (1976), based on Green v. Stewart, 516 S.W.2d 133 (Tex. 1974). See also Attorney General Opinion M-70 (1967).

In Green v. Stewart, supra, the Texas Supreme Court considered a Court of Civil Appeals decision holding that deputy tax assessors-collectors performed governmental functions in their own right, making them "officers" excluded from civil service coverage. The supreme court began its review of the case by juxtaposing the constitutional language and the statute:

> Article VIII, Section 14 of the Texas Constitution, Vernon's Ann. St., authorizes the election of an assessor-collector of taxes in each county who shall hold his office for four years and until his successor is elected and qualified. It then states that 'such Assessor and Collector of Taxes shall perform all the duties with respect to assessing property for the purpose of taxation and collecting taxes, as may be prescribed by the Legislature.' Article 7252 authorizes the assessor-collector of taxes to appoint deputies 'to assist him' and among other things provides, 'and the deputies appointed in accordance with the provisions of this Article shall do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person.' (Emphasis by the court.)

Id. at 134-35. The supreme court then said:

> Any possible conflict between the statute and the Constitution which might arise by reason of their different delegations of the same totality of powers to the assessor-collector and also to each one of his

> appointees is avoided by the additional words of Article 7252 which state that the assessor-collector may appoint deputies 'to assist him.' <u>The Constitution and statute are thus harmonized since it is the assessor-collector who is charged with all the duties, and it is the deputies who 'assist him' in the performance of those duties.</u> (Emphasis added.)

<u>Id.</u> at 135.

The supreme court in <u>Green v. Stewart</u> apparently construed article VIII, section 14, to mean that the legislature could decide what needed to be done (what duties should be performed) with respect to assessing and collecting taxes, but that it could not usurp the constitutional authority of the Tax Assessor-Collector to discharge those duties himself. In other words, the legislature might designate others to assist him, but it could not supplant him.

The question in Attorney General Letter Advisory No. 117 (1976), was whether the legislature could, consistent with section 14 of article VIII, vest the appraisal function of the county tax assessor-collector in an office or unit independent of that officer. After concluding that the appraisal function was part of the assessment duty, this office concluded, relying on <u>Green v. Stewart</u>, that "the duties of the assessor-collector with regard to the assessment of property for county taxation" could not be transferred to another individual without amendment of the constitution.

Thereafter, in 1980, a constitutional amendment dealing with appraisals was adopted in response to Attorney General Letter Advisory No. 117. <u>Wilson v. Galveston County Central Appraisal District</u>, 713 S.W.2d 98 (Tex. 1986). Section 18 of article VIII, was changed to read [with subsections (b), (c), and (d) representing new language]:

> (a) The Legislature shall provide for equalizing, as near as may be, the valuation of all property subject to or rendered for taxation, and may also provide for the classification of all lands with reference to their value in the several counties.

(b) A single appraisal within each county of all property subject to ad valorem taxation by the county and all other taxing units located therein shall be provided by general law. The Legislature, by general law, may authorize appraisals outside a county when political subdivisions are situated in more than one county or when two or more counties elect to consolidate appraisal services.

(c) The Legislature, by general law, shall provide for a single board of equalization for each appraisal entity consisting of qualified persons residing within the territory appraised by that entity. Members of the board of equalization may not be elected officials of the county or of the governing body of a taxing unit.

(d) The Legislature shall prescribe by general law the methods, timing, and administrative process for implementing the requirements of this section.

In Wilson v. Galveston County Central Appraisal District, supra, the Texas Supreme Court held that this amendment separated the appraisal function from the "express assessing function" of the county tax assessor-collector and authorized the legislature to place the appraisal function elsewhere. We conclude that the Constitution of Texas, article VIII, section 14, continues to mean that all duties with respect to assessing property for purposes of county taxation and of collecting county taxes that the legislature prescribes -- except the appraisal function (now permitted by the constitution to be placed elsewhere) -- are to be performed by the tax assessor-collector of the county.

We turn now to the statutes about which you have asked. The two statutory provisions in question are sections 6.24 and 6.26 of the Tax Code. Section 6.24 states:

(a) The governing body of a taxing unit other than a county may contract as provided by the Interlocal Cooperation Act with the governing body of another unit or with the

> board of directors of an appraisal district for the other unit or the district to perform duties relating to the assessment or collection of taxes.
>
> (b) The commissioners court <u>with the approval of the county assessor-collector</u> may contract as provided by the Interlocal Cooperation Act with the governing body of another taxing unit in the county or with the board of directors of the appraisal district for the other unit or the district to perform duties relating to the assessment or collection of taxes for the county. If a county contracts to have its taxes assessed and collected by another taxing unit or by the appraisal district, the contract shall require the other unit or the district to assess and collect all taxes the county is required to assess and collect.
>
> (c) repealed (by Acts 1983, 68th Leg., ch. 851, at 4829).
>
> (d) A contract under this section may provide for the entity that collects taxes to contract with an attorney, as provided by Section 6.30 of this code, for collection of delinquent taxes. (Emphasis added.)

A statute is to be given, if possible, a meaning that is agreeable to the constitution. <u>See</u> 12 Tex. Jur. 3d <u>Constitutional Law</u> §37, at 537. We think such a construction can reasonably be given section 6.24. Subsection (a) of the statute exempts counties from those entities authorized to contract (by "Interlocal Cooperation Act" contract) to have another governmental body perform duties relating to the assessment or collection of its taxes except as provided in subsection (b). The latter subsection permits such a contract only "<u>with the approval of the county assessor-collector</u>."

We construe this language as authorizing a contract to obtain <u>assistance</u> for the assessor-collector, not to supplant him. <u>Cf. Pritchard & Abbot v. McKenna</u>, 350 S.W.2d 333 (Tex. 1961); Attorney General Opinion M-986 (1971). This reading is reasonable in light of the preceding section, section 6.23, which states, "<u>[t]he</u>

county assessor-collector shall assess and collect taxes on property in the county for the state and the county." Although the "with the approval" phrase in section 6.24 could be given a different, broader meaning, a statute should be construed in a restricted manner when necessary to preserve its constitutionality, if it is reasonable to do so. City of Waco v. Landingham, 157 S.W.2d 631 (Tex. 1941).

We cannot assign to the legislative act an intent to authorize the assessor-collector, by his "approval," to divest himself of power, authority, and responsibility invested in him by the constitution -- something the legislature itself could not do. It must be assumed the legislature intended to enact a valid law. Industrial Accident Board v. O'Dowd, 303 S.W.2d 763 (Tex. 1957). Cf. Upshur County Commissioners Court v. Central Education Agency, 697 S.W.2d 443 (Tex. App. - Austin 1985, no writ). As construed, section 6.24 of the Tax Code is valid, in our opinion.

The other statute, section 6.26 of the Tax Code, is a different matter. As amended in 1983, it reads:

(a) The qualified voters residing in an appraisal district by petition submitted to the county clerk of the county principally served by the appraisal district may require that an election be held to determine whether or not to require the appraisal district, the county assessor-collector, or a specified taxing unit within the appraisal district to assess, collect, or assess and collect property taxes on property appraised by the district for all taxing units.

(b) The qualified voters of a taxing unit that assesses, collects, or assesses and collects its own property taxes by petition submitted to the governing body of the taxing unit may require that an election be held to determine whether or not to require the appraisal district, the county assessor-collector, or another taxing unit that is assessing and collecting property taxes to assess, collect, or assess and collect the unit's property taxes.

(c) A petition is valid if:

(1) it states that it is intended to require an election in the appraisal district or taxing unit on the question of consolidation of assessing or collecting functions or both;

(2) it states the functions to be consolidated <u>and identifies the entity or office that will be required to perform the functions</u>. . . .

. . . .

(e) If the commissioners court or the governing body finds that the petition is valid, it shall order that an election be held in the district or taxing unit on the next uniform election date prescribed by the Texas Election Code that is more than 60 days after the last day on which it could have acted to approve or disapprove the petition. At the election, the ballots shall be prepared to permit voting for or against the proposition: 'Requiring the (name of entity or office) to (assess, collect, or assess and collect, as applicable) property taxes for (all taxing units in the appraisal district for _____ county or name of taxing unit or units, as applicable).' (Emphasis added.)

Although it is the duty of the courts -- and this office -- to strive to adopt a construction that supports the constitutionality of the statute, <u>Upshur County Commissioners Court</u>, 697 S.W.2d at 447, it is not proper to ascribe to a statute a meaning at variance with its plain import so as to conform it to constitutionality or wisdom. <u>City of Austin v. Cahill</u>, 88 S.W. 542 (Tex. 1905).

The plain import of section 6.26 of the Tax Code is to permit the electorate, if it chooses, to place the assessment and collection duties of the county tax assessor-collector elsewhere, contrary to the intent of article VIII, section 14, of the Texas Constitution. Section 6.26 could be saved by reading it to encompass only the <u>appraisal</u> function of the tax assessor-collector, because the amendment of section 18, article VIII, had

separated the appraisal function from the assessment and collection functions of the county assessor-collector before section 6.26 was amended to embrace counties.[2] _Wilson v. Galveston County Central Appraisal District_, _supra_. But such a reading would restrict the functions other taxing units are allowed by the statute to place in the hands of an appraisal district, and would not be a reasonable conclusion to draw from the words of the statute; we cannot give it that construction. _See_ _County School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8_, 153 S.W.2d 434 (Tex. 1941).

We conclude that section 6.26 of the Tax Code is unconstitutional as applied to the assessment and collection duties of county tax assessors-collectors -- except as the appraisal function of the office has been separated from those duties by the amendment of article VIII, section 18, of the constitution. But the entire statute need not fail if its provisions are not so connected in subject matter, so dependent on each other, or otherwise so connected together in meaning that it can be presumed that the legislature would have passed the law without the provision found unconstitutional. _County School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8_, _supra_.

In this case, the legislature, in 1979, _did_ enact section 6.26 without unconstitutionally including the section 14 assessment and collection duties of county tax assessors-collectors within its scope,[3] and nothing about

---

2. Section 6.26 was originally enacted as part of Title 1 of the Tax Code in 1979, to take effect January 1, 1982. _See_ Acts 1979, 66th Leg., ch. 841, at 2217. It was amended in 1981, _see_ Acts 1981, 67th Leg., ch. 13, at 125, effective January 1, 1982, and again amended in 1983, _see_ Acts 1983, 68th Leg., ch. 785, at 4612. The amendment to article VIII, section 18, of the constitution was adopted in 1980 pursuant to a legislative proposal made in 1979. _See_ H.J.R. No. 98, Acts 1979, 66th Leg., at 3229. _Originally, section 6.26 applied only to taxing units_ "_other than a county._" The exception was removed by the 1981 amendment to the statute.

3. _See_ note 2.

the subsequent amendments to the section suggests that changes affecting other taxing units would not have been approved if counties had remained entirely outside the ambit of the statute. We do not believe section 6.26 is rendered invalid in its entirety by its unconstitutional attempt to embrace the assessment and collection duties of the county tax assessor contemplated by article VIII, section 14, of the constitution.

Your questions concerned the validity of placing elsewhere the assessment and collection duties of county assessors-collectors regarding county taxes. In view of our resolution of the matter based on article VIII, section 14 of the constitution, we do not address other constitutional arguments. Cf. Tex. Const. arts. I, §28; II, §1.

## S U M M A R Y

The legislature may not authorize the electorate to divest the county tax assessor-collector of duties respecting the assessment and collection of county taxes, other than appraisal functions. Tex. Const. art VIII, §§14, 18. Section 6.24 of the Tax Code, as construed, is valid, but section 6.26 is unconstitutional insofar as it contravenes article VIII, section 14, of the constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General