Ysleta 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-94-00381-CV







Ysleta Independent School District, Appellant



v.



Lionel R. Meno, Commissioner of Education,


and Texas Education Agency, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 93-01195, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 This appeal requires us to determine the standard that the Commissioner of
Education ("the Commissioner") should employ in hearing appeals under former Education Code
section 13.115, which provides for Commissioner review of local school board decisions to
discharge a continuing-contract teacher during the school year. See Act of May 20, 1971, 62nd
Leg., R.S., ch. 405, § 2, 1971 Tex. Gen. Laws 1449, 1478 (Tex. Educ. Code Ann. § 13.115,
since repealed and recodified at Tex. Educ. Code Ann. § 21.301 (West 1996)). We hold that
appeals from these local decisions should be conducted under the "substantial-evidence-de-novo"
standard, and remand this cause to the Commissioner for review under that standard.



FACTUAL AND PROCEDURAL BACKGROUND


 Victor Aguilar was employed as a middle-school teacher under a continuing
contract with the Ysleta Independent School District ("the District") during the 1989-90 school
year. During that year, two female students reported incidents where Aguilar improperly touched
them. One student, an eighth grader, alleged that Aguilar hugged and then kissed her in an empty
room. Another student claimed that Aguilar grabbed her buttocks while she was picking up some
papers she dropped on the floor. The District superintendent determined that these actions
constituted immoral conduct, and accordingly recommended to the Board of Trustees that
Aguilar's employment be terminated. See 1971 Tex. Gen. Laws 1449, 1476 (formerly Tex.
Educ. Code Ann. § 13.109(1), since repealed and recodified at Tex. Educ. Code Ann. § 21.156
(West 1996)). Aguilar challenged these accusations at a hearing before the Board. See 1971 Tex.
Gen. Laws 1449, 1477 (formerly Tex. Educ. Code Ann. § 113.112, since repealed and recodified
at Tex. Educ. Code Ann. § 21.159 (West 1996)). After hearing evidence and arguments of
counsel, the Board entered findings of fact and conclusions of law ordering Aguilar's discharge.

 Aguilar appealed this decision to the Commissioner of Education, claiming that
there was insufficient evidence to show that he committed the acts as alleged. See 1971 Tex. Gen.
Laws 1449, 1478 (formerly Tex. Educ. Code section 13.115(a), since repealed and recodified at
Tex. Educ. Code § 21.301 (West 1996)). A hearing was held in May 1991, at which a class
schedule was introduced as evidence; the only other evidence before the hearing officer was the
record of the proceedings before the Board. The Commissioner determined that the students'
testimony before the Board lacked credibility and should be given little weight. Based largely on
this determination, the Commissioner concluded that the District had not presented sufficient
evidence to support the allegations of immoral conduct. The Commissioner accordingly ordered
that the District reinstate Aguilar.

 The District sought review of the Commissioner's action in district court, claiming
that the Commissioner exceeded his authority and acted arbitrarily by substituting his own
judgment for that of the local board. See Act of June 30, 1984, 68th Leg., 2d C.S., ch. 28,
§ I-D5, 1984 Tex. Gen. Laws 117, 128 (formerly Tex. Educ. Code Ann. § 13.115(c), since
repealed and recodified at Tex. Educ. Code Ann. § 21.307 (West 1996)). In a related point, the
District claimed that the Commissioner's decision was based on unlawful procedure, because he
erroneously conducted a de novo review of the Board's decision. The district court affirmed the
decision of the Commissioner.

 On appeal to this Court, the District challenged the Commissioner's decision on
the same grounds. We concluded that the agency record was not properly before us, because it
was not forwarded to this Court as part of a statement of facts. See Ysleta Indep. Sch. Dist. v.
Meno, 909 S.W.2d 544, 546 (Tex. App.--Austin 1995), reversed, 916 S.W.2d 961, 962 (Tex.
1996). We held that the District could not show error in the absence of this record, and
accordingly affirmed the trial court's judgment. Id. at 547. The Texas Supreme Court has since
held that an appellant can bring an administrative record in an appeal as part of a transcript
provided that some documentation indicates that the district court admitted the agency record as
an exhibit. Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency, 917 S.W.2d 773,
776 (Tex. 1996). Because a district-court order reflects that the agency record was admitted as
part of the record in this case, the agency record is properly before us. We therefore turn to the
merits of the District's claims.



DISCUSSION AND HOLDINGS


 The District contends in its first two points of error that the district court erred in
affirming the Commissioner's decision because the Commissioner substituted his judgment as to
the weight and credibility of the evidence for that of the Board. Specifically, the District claims
that the Commissioner exceeded his authority by disregarding the proceedings before the Board
and conducting a de novo review of Aguilar's appeal. The District asserts that the Commissioner
should have instead determined the appeal under the "substantial-evidence-de-novo" standard of
review. The Commissioner responds that he properly employed a pure de novo standard of
review in deciding the appeal.

 Under a pure trial de novo review, the decision of the lower agency or board is
automatically vacated upon the taking of an appeal. See Big Spring Firemen's Relief & Retirement
Fund v. Firemen's Pension Comm'r, 808 S.W.2d 608, 612 (Tex. App.--Austin 1991, no writ). 
This type of review is not an appeal at all, but is a new proceeding in which the reviewing tribunal
substitutes its discretion and judgment for that of the lower body. See Central Educ. Agency v.
Upshur County Comm'rs Court, 731 S.W.2d 559, 561 (Tex. 1987). Under the Commissioner's
view, the Commissioner would properly be making the termination decision anew rather than
reviewing the decision of the local board. See id.

 Under a substantial-evidence-de-novo review, the reviewing tribunal conducts an
evidentiary hearing to determine "`whether at the time the questioned order was entered there then
existed sufficient facts to justify the agency's order.'" Big Spring, 808 S.W.2d at 612 (quoting
Gerst v. Nixon, 411 S.W.2d 350, 354 (Tex. 1966)). The reviewing tribunal determines as a
question of law whether the findings of the agency or board are lawful and supported by
substantial evidence. See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer, 662 S.W.2d 953,
956 (Tex. 1984); see also Gilder v. Meno, No. 3-95-080-CV, slip op. at 4 (Tex. App.--Austin,
June 26, 1996, no writ h.) (Jones, J. dissenting). Thus, the substantial-evidence-de-novo
proceeding is truly an "appeal," and the reviewing tribunal may not substitute its judgment for that
of the agency on controverted issues of fact. Texas State Bd. of Dental Examiners v. Sizemore,
759 S.W.2d 114, 116 (Tex. 1988), cert. denied, 490 U.S. 1080 (1989); Brinkmeyer, 662 S.W.2d
at 956. "The decision of the fact-finding body has a presumption of validity, and the party
seeking to set aside that body's decision has the burden of showing that at the time of the original
proceeding substantial evidence did not exist to support the previous decision." Gilder, slip op.
at 4 (Jones, J. dissenting).

 The Commissioner contends that former Education Code section 11.13(a), which
provides generally for appeal to the Commissioner from local board decisions, authorizes a pure
de novo review in teacher termination cases. That statute reads in relevant part:



[A]ny person aggrieved by the school laws of Texas or by actions or decisions of
any board of trustees or board of education may appeal in writing to the
commissioner of education, who, after due notice to the parties interested, shall
hold a hearing and render a decision . . . .



Act of August 21, 1986, 2nd C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 11 (formerly Tex. Educ.
Code Ann. § 11.13(a), since repealed and recodified at Tex. Educ. Code § 7.057 (West 1996)). 
The supreme court has determined that former section 11.13(a) does not specify what standard
of review shall govern appeals from the local level to the Commissioner. Upshur, 731 at 561;
see also Gilder, slip op. at 5. We therefore must consider other governing statutes to determine
the proper standard of review in this case.

 Former Education Code section 13.115 specifically provides for appeals to the
Commissioner from local Board decisions to discharge a teacher during the school year. (1) See
1971 Tex. Gen. Laws 1449, 1478 (formerly Tex. Educ. Code section 13.115(a), since repealed
and recodified at Tex. Educ. Code § 21.301 (West 1996)). That statute provides:



If the board of trustees shall order the teacher discharged during the school year
under Section 13.109 of the code, the teacher shall have the right to appeal such
an action to the commissioner of education, for review by him . . . .



Id. Like section 11.13(a), this statute fails to specify the standard of review that the
Commissioner should employ in reviewing these local board decisions. However, section 13.115
shares one critical, elucidating feature with section 11.13(a): it authorizes the Commissioner to
hear appeals from teachers discharged by the local board. "Agencies may only exercise those
powers granted by statute, together with those necessarily implied . . . ." City of Sherman v.
Public Utility Comm'n, 643 S.W.2d 681, 686 (Tex. 1983). As discussed above, a true de novo
review is not an "appeal" but is a new proceeding. See Upshur, 731 S.W.2d at 561. We find
nothing in the relevant statutes granting the Commissioner the power to substitute its discretion
and judgment for that of the local board. To the contrary, former Education Code section 13.218
acknowledges "the right of any duly elected board of trustees of any independent school district
to hire or dismiss any teacher" and to "establish[] any standard of conduct to be expected of any
teacher." 1971 Tex. Gen. Laws 1449, 1482 (formerly Tex. Educ. Code section 13.218, since
repealed). Allowing for de novo review of these local board decisions not only lacks any basis
in statutory authority, but also nullifies the decision-making power of the board explicitly
recognized in section 13.218. See City of LaPorte v. Barfield, 898 S.W.2d 288, 292 (Tex. 1995);
Borden, Inc. v. Sharp, 888 S.W.2d 614, 620 (Tex. App.--Austin 1994, writ denied).

 If the legislature intends that the Commissioner should have authority to actually
decide teacher discharge questions, it must say so. See Upshur, 731 S.W.2d at 561. The
legislature has provided no indication that the Commissioner is authorized to substitute his
judgment for that of the local board, to whom the authority to make teacher discharge decisions
is specifically granted. We accordingly hold that in deciding appeals from local board decisions
to discharge a teacher under former section 13.109, the Commissioner should conduct a
substantial-evidence-de-novo review to determine whether there was fraud, bad faith, or an abuse
of discretion in the decision of the board of trustees and whether their decision is supported by
substantial evidence. See id. at 562.



CONCLUSION


 By re-determining the credibility of the witnesses and the weight that should be
given their testimony in this case, the Commissioner exceeded the authority granted him by
statute. We therefore sustain the District's first two points of error, reverse the judgment of the
district court, and remand the cause to the Commissioner for review of the board's decision under
the substantial-evidence-de-novo standard.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: July 31, 1996

Publish

1.   Other than former sections 11.13(a) and 13.115, no statute in the Education Code
addresses the procedures for appealing local board termination decisions to the
Commissioner of Education.


g statutes to determine
the proper standard of review in this case.

 Former Education Code section 13.115 specifically provides for appeals to the
Commissioner from local Board decisions to discharge a teacher during the school year. (1) See
1971 Tex. Gen. Laws 1449, 1478 (formerly Tex. Educ. Code section 13.115(a), since repealed
and recodified at Tex. Educ. Code § 21.301 (West 1996)). That statute provides:



If the board of trustees shall order the teacher discharged during the school year
under Section 13.109 of the code, the teacher shall have the right to appeal such
an action to the commissioner of education, for review by him . . . .



Id. Like section 11.13(a), this statute fails to specify the standard of review that the
Commissioner should employ in reviewing these local board decisions. However, section 13.115
shares one critical, elucidating feature with section 11.13(a): it authorizes the Commissioner to
hear appeals from teachers discharged by the local board. "Agencies may only exercise those
powers granted by statute, together with those necessarily implied . . . ." City of Sherman v.
Public Utility Comm'n, 643 S.W.2d 681, 686 (Tex. 1983). As discussed above, a true de novo
review is not an "appeal" but is a new proceeding. See Upshur, 731 S.W.2d at 561. We find
nothing in the relevant statutes granting the Commissioner the power to substitute its discretion
and judgment for that of the local board. To the contrary, former Education Code section 13.218
acknowledges "the right of any duly elected board of trustees of any independent school district
to hire or dismiss any teacher" and to "establish[] any standard of conduct to be expected of any
teacher." 1971 Tex. Gen. Laws 1449, 1482 (formerly Tex. Educ. Code section 13.218, since
repealed). Allowing for de novo review of these local board decisions not only lacks any basis
in statutory authority, but also nullifies the decision-making power of the board explicitly
recognized in section 13.218. See City of LaPorte v. Barfield, 898 S.W.2d 288, 292 (Tex. 1995);
Borden, Inc. v. Sharp, 888 S.W.2d 614, 620 (Tex. App.--Austin 1994, writ denied).

 If the legislature intends that the Commissioner should have authority to actually
decide teacher discharge questions, it must say so. See Upshur, 731 S.W.2d at 561. The
legislature has provided no indication that the Commissioner is authorized to substitute his
judgment for that of the local board, to whom the authority to make teacher discharge decisions
is specifically granted. We accordingly hold that in deciding appeals from local board decisions
to discharge a teacher under former section 13.109, the Commissioner should conduct a
substantial-evidence-de-novo review to determine whether there was fraud, bad faith, or an abuse
of discretion in the decision of the board of trustees and whether their decision is supported by
substantial evidence. See id. at 562.