

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 29, 1997

The Honorable Frank Madla
Chair, Nominations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. DM-447

Re: Authority of municipality to approve, reject, or review rules adopted by fire and police civil service commission (RQ-910)

Dear Senator Madla:

As you know, chapter 143 of the Local Government Code allows a city whose voters adopt the chapter to establish a fire fighters' and police officers' civil service commission.[1] Civil service commissions are charged with administering chapter 143 in accordance with its purpose, and are given rule-making authority to do so.[2] You ask whether the City of San Antonio, whose voters have adopted chapter 143, has the authority to review, adopt, or reject rules promulgated by the city's fire fighters' and police officers' civil service commission.[3] You also ask whether review authority may be given to the city by rule adopted by the commission. We conclude that the city has no authority to adopt an ordinance making commission rules contingent upon city review, and that the commission may not adopt a rule providing for such review.

Home-rule cities like San Antonio derive their powers from the constitution.[4] Their broad powers may be limited only by their own charters, the Texas Constitution, or laws enacted by the

---

[1]Chapter 143 applies to a city that (1) has a population of 10,000 or more, (2) has a paid fire department and police department, and (3) has voted to adopt chapter 143 or the law codified by the chapter. Local Gov't Code § 143.002.

[2]See Local Gov't Code §§ 143.001(b), .008. The purpose of chapter 143 is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." Id. § 143.001(a).

[3]We assume that this authority is or would be granted to the city in its charter or by ordinance. While a home-rule city possesses those powers not denied by statute or constitution, to be exercised those powers must be incorporated into the city's charter. See Zachry v. City of San Antonio, 296 S.W.2d 299, 301 (Tex. Civ. App.--San Antonio 1957, writ granted), aff'd, 305 S.W.2d 558 (1957).

[4]See Tex. Const. art. XI, § 5; see also Local Gov't Code § 51.072 (providing that home-rule city has full power of local self-government).

legislature.[5] A city may not adopt a charter or ordinance "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."[6] This means that a city may not pass an ordinance regarding a particular matter if the legislature has prohibited it from doing so.[7] Similarly, an ordinance that attempts to regulate a subject matter preempted by statute is unenforceable to the extent it conflicts with the statute.[8] The mere fact that the legislature has enacted a law addressing the subject does not mean the subject matter is entirely preempted, however.[9] If the legislature chooses to exercise its authority to limit a city's power by prohibition or preemption, the limitation must appear with "unmistakable clarity."[10]

With respect to your questions, then, a home-rule city has the authority to review rules promulgated by a fire fighters' and police officers' civil service commission created pursuant to chapter 143 unless, with unmistakable clarity: (1) chapter 143 prohibits a city from reviewing commission rules; or (2) chapter 143 preempts a city from legislating with respect to fire fighters' and police officers' civil service commissions.

No statute expressly prohibits a city from reviewing civil service commission rules. Instead, rule-making authority is granted affirmatively to civil service commissions in various sections of chapter 143.[11] The procedure for promulgating commission rules is set out in section 143.008, which provides in pertinent part:

> (d) The commission shall publish each rule it adopts and each classification and seniority list for the fire and police departments. The rules and lists shall be made available on demand. *A rule is considered to be adopted and sufficiently published if the commission adopts the rule by majority vote and causes the rule to be written, typewritten, or printed. Publication in a*

---

[5]*See* Tex. Const. art. XI, § 5.

[6]*Id.*

[7]*See City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964).

[8]*Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993).

[9]*Id.*

[10]*Id.* at 491; *City of Sweetwater*, 380 S.W.2d at 552.

[11]For example, section 143.008(a) requires a commission to adopt "rules necessary for the proper conduct of commission business." Other provisions in chapter 143 authorize or require commissions to adopt rules with respect to specific employment matters. *See, e.g.*, Local Gov't Code § 143.008(c) (requiring commission to adopt rules prescribing cause for removal or suspension of fire fighter or police officer), .0251 (allowing commission to adopt rule to allow police officer to be reappointed after resignation), .104 (requiring commission to adopt rules for standardized entrance and promotional examinations).

*newspaper is not required and the governing body of the municipality is not required to act on the rule.*

(e) A rule is not valid and binding on the commission until the commission:

(1) mails a copy of the rule to the commissioner, if the municipality has an elected commissioner, and to department heads of the fire and police departments;

(2) posts a copy of the rule for a seven-day period at a conspicuous place in the central fire and police stations; and

(3) mails a copy of the rule to each branch fire station.[12]

According to 143.008, then, commission rules are deemed adopted when they are approved by a majority vote of the commission and written, typewritten or printed. They are deemed valid and binding when a copy is mailed to the elected civil service commissioner, mailed to the heads of the fire and police departments, posted conspicuously and the main fire and police stations for seven days, and mailed to each branch fire station.

In our opinion, the legislature clearly has provided for the adoption of commission rules without city review or approval, thereby preempting city action in this area. A city may not, therefore, adopt an ordinance requiring city review or approval of commission rules as a condition of the rules becoming effective.

We note that a city is not preempted completely from acting with respect to police officers and fire fighters within a civil service system. Chapter 143 grants rule-making authority to cities for certain purposes.[13] Additionally, the Texas Supreme Court has held that legislative enactment of civil service laws does not divest a city council of its residual authority as the governing body of the city.[14] Thus courts have affirmed city ordinances that regulate specific aspects of fire fighters' and

---

[12]Local Gov't Code § 143.008(d) (emphasis added).

[13]*See, e.g., id.* § 143.021 (requiring city to adopt ordinance establishing classifications for fire fighters and police officers.)

[14]*See City of Sweetwater,* 380 S.W.2d at 553; *Glass v. Smith,* 244 S.W.2d 645 (Tex. 1951); *Dallas Merchant's,* 852 S.W.2d at 491.

police officers' civil service, provided the ordinances do not conflict with specific statutory mandates.[15]

You also ask whether a civil service commission may adopt a rule granting review authority to the city. A civil service commission derives its powers from chapter 143. As such, it has only those powers expressly granted to it or necessarily implied from or incident to its express powers.[16] When given rule-making authority, an administrative agency generally may adopt only such rules as are authorized by and consistent with its statutory authority. An agency rule may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with relevant statutory provisions.[17] Because commission rules are deemed adopted, valid, and binding upon satisfaction of the requirements set out in chapter 143, any rule imposing additional requirements would be inconsistent with the statute and thus beyond the scope of a commission's rule-making authority.

---

[15]*See, e.g., City of Sweetwater*, 380 S.W.2d at 550; *Jones v. City of Houston*, 907 S.W.2d 871 (Tex. App.--Houston [1st Dist.] 1995, writ denied); *Collier v. Firemen's and Policemen's Civil Serv. Comm'n*, 817 S.W.2d 404 (Tex. App.--Fort Worth 1991, writ denied).

[16]*Central Educ. Agency v. Upshur County Comm'rs Court*, 731 S.W.2d 559, 561 (Tex. 1987); *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 686 (Tex. 1983); Attorney General Opinion DM-338 (1995) at 10.

[17]*Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992); *Railroad Comm'n v. Arco Oil & Gas Co.*, 876 S.W.2d 473, 481-82 (Tex. App--Austin 1994, writ denied).

# S U M M A R Y

A home-rule city that has established a fire fighters' and police officers' civil service commission pursuant to Local Government Code chapter 143 has no authority to review, adopt, or reject rules promulgated by the commission.  A chapter 143 civil service commission may not adopt a rule providing for city review, adoption, or rejection of commission rules.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General