YSLETA INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Lionel R. MENO, Commissioner of Education, and Texas Education Agency, Appellees.

No. 03–94–00381–CV.

Court of Appeals of Texas, Austin.

Oct. 30, 1996.

Rehearing Overruled Dec. 5, 1996.

---

Carmen E. Rodriguez, Rodriguez, Lewis & Collins, P.C., El Paso, for appellant.

Dan Morales, Attorney General, Frank J. Knapp, Jr., Assistant Attorney General, Administrative Law Section, Austin, for appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

We withdraw our opinion of July 31, 1996 and substitute the following. This appeal requires that we determine the scope of review permitted the Commissioner of Education when a teacher employed under a continuing contract appeals the decision of a board of trustees in an independent school district to discharge the teacher during the school year.[1] We hold that the relevant stat-

utory provisions restrict the Commissioner to a substantial evidence standard of review and that the Commissioner may not review such decisions de novo.

## FACTUAL AND PROCEDURAL BACKGROUND

Ysleta Independent School District employed Victor Aguilar as a middle-school teacher under a continuing contract during the 1989–90 school year. Based on reports by two female students that Aguilar had improperly touched them, the superintendent recommended Aguilar's discharge. One student alleged that Aguilar hugged and kissed her in a darkened, empty classroom; the other claimed he grabbed her buttocks while she bent over to pick up papers she had dropped in the hall. After an evidentiary hearing, the board of trustees concluded the two incidents constituted immoral conduct and issued a written order, including findings of fact and conclusions of law, ordering Aguilar's discharge.

Aguilar appealed this decision to the Commissioner of Education. At a hearing on the appeal, the written record of the proceedings before the board was introduced in evidence together with two other sets of documents: (1) correspondence between the Ysleta superintendent and Aguilar or his attorney; and (2) a schedule of teacher assignments that cast doubt on the credibility of a teacher who corroborated one student's version of Aguilar's improper actions. Based on his assessment of this documentary evidence and the degree of credibility he assigned to the students' testimony before the board, the Commissioner concluded that a preponderance of the evidence did not support the board's finding that Aguilar committed immoral conduct. Instead, the Commissioner determined that Aguilar had merely exercised bad judgment, which was not lawful cause for discharge.[2] Although Aguilar

---

1. *See* Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016, amended by Act of May 20, 1971, 62nd Leg., R.S., ch. 405, § 2, 1971 Tex. Gen. Laws 1449 (codified at Tex. Educ.Code Ann. § 13.115(a), since repealed and recodified as Tex. Educ.Code Ann. § 21.301 (West 1996)).

2. Former section 13.109 authorized the discharge of a teacher during a school year for immorality, drunkenness, neglect of duties, incapacity, repeated failure to comply with directives and policy, or conviction of a felony or crime involving moral turpitude. Former Educ.Code Ann. § 13.109 (West 1991).

raised no procedural complaints, the Commissioner sua sponte found that the board did not timely grant Aguilar's request for a hearing. Accordingly, the Commissioner ordered Ysleta to reinstate Aguilar.

◼ Ysleta sued in district court for judicial review of the Commissioner's final decision [3] and appeals to this Court from a judgment affirming the decision.[4]

## DISCUSSION AND HOLDINGS

◼ Ysleta contends in its first two points of error that the Commissioner exceeded his authority by conducting a de novo review of Aguilar's appeal.[5] The Commissioner does not dispute that he exercised his own discretion and judgment, assessing the weight and credibility of the documentary evidence and concluding that a preponderance of the evidence showed mere bad judgment, rather than immoral conduct, on Aguilar's part.

Both Ysleta and the Commissioner rely on former Education Code section 11.13(a), which provides generally for appeal to the Commissioner from local board decisions, to support their opposing views of the proper standard of review in teacher termination cases. That statute reads in relevant part:

[A]ny person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision....

Former Educ.Code Ann. § 11.13(a) (West 1991).[6]

◼ Although at one time section 11.13(a) may have authorized the Commissioner to review appeals such as Aguilar's under a de novo standard, we believe any such authority ended in 1967 when the legislature unambiguously vested in boards of trustees of independent school districts the power to discharge during the school year a teacher employed under a continuing contract, for specified causes listed in the enactment. *See* Former Educ.Code Ann. § 13.109

3. The district court ruled that the Commissioner's first order dated August 30, 1991 was not final and appealable and remanded the case to the Commissioner. The Commissioner issued a second order on December 10, 1992. When the Commissioner did not rule on Ysleta's motion for rehearing, this order became final and appealable on January 24, 1993.

4. When we first considered Ysleta's appeal, we concluded that the agency record was not properly before us, because it was not forwarded to this Court as part of a statement of facts. *See Ysleta Indep. Sch. Dist. v. Meno,* 909 S.W.2d 544, 546 (Tex.App.—Austin 1995), *rev'd,* 916 S.W.2d 961, 962 (Tex.1996). We held that Ysleta could not show error in the absence of the agency record and affirmed the judgment. *Id.* at 547. The supreme court has since held that an appellant may bring forward an administrative record in an appeal as part of a transcript provided that some documentation indicates that the district court admitted the agency record in evidence. *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency,* 917 S.W.2d 773, 776 (Tex. 1996). Because a district court order reflects that the agency record was admitted as part of the record in this case, the agency record is properly before us and we may consider the merits of Ysleta's claims.

5. In conducting a de novo review, the reviewing tribunal exercises its own judgment and determines each issue of fact and law as though there had been no previous decision, based on evidence received by the reviewing tribunal; the reviewing tribunal accords the decision of the original tribunal no deference at all. On the other hand, to secure deference for the decision of the original tribunal, the legislature may provide for a substantial evidence review. In such instances, the reviewing tribunal's discretion extends only to determining whether the decision below resulted from a prejudicial error of law, such as an abuse of discretion, an action taken in excess of authority, a violation of law, or fact findings that are unreasonable in light of the evidence found in the record of proceedings before the original tribunal. The reviewing tribunal is restricted to that record, save in extraordinary circumstances, and it may not re-weigh the evidence, find facts or substitute its judgment for that of the original tribunal. *See generally* 17A C.J.S. Public Administrative Law and Procedure § 166–171 (1983); *see also Central Educ. Agency v. Upshur County Commr's Court,* 731 S.W.2d 559, 561 (Tex.1987); *cf.* Tex. Gov't Code § 2001.173–.175 (West Supp.1996).

6. Act of February 17, 1949, 51st Leg., R.S., ch. 299, art VII, 1949 Tex. Gen. Laws 537, 545, codified by Act of May 31, 1969, 61st Leg., R.S., ch. 889, 1969 Tex. Gen. Laws 2735, 2757, amended by Act of August 21, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10.

(West 1991).[7] The 1967 enactment provided for an appeal to the Commissioner. *See* Former Educ.Code Ann. § 13.115(a) (West 1991). Aguilar's appeal was thus governed by former section 13.115(a), not by former section 11.13(a). Because this provision, like section 11.13(a), fails to specify a manner or scope of review by the Commissioner,[8] we must ascertain the legislature's intention from a general view of the enactment, in harmony with other statutory provisions bearing on the same subject. *See Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex.1979).

■ We begin by observing that former section 23.26(b) of the Education Code declared that "[t]he trustees shall have the *exclusive* power to manage and govern the public free schools of the district." (Emphasis added.) The legislature has continued this emphasis on local management and government of public schools in the present version of the Code. *See* Educ.Code Ann. § 11.151(b) (West 1996). Local management and control of public schools is a primary and longstanding legislative policy evident throughout the education statutes. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 53, 93 S.Ct. 1278, 1307, 36 L.Ed.2d 16 (1973); *Carl v. South San Antonio Indep. Sch. Dist.*, 561 S.W.2d 560, 563 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.). This policy would be undermined by de novo review which affords no deference to the local trustees' determination of the minimum level of conduct expected of a teacher under a continuing contract.

The Commissioner's argument that former section 13.115(a) delegates to him a power of de novo review is, first and foremost, an argument from silence. That provision provides:

If the board of trustees shall order the teacher discharged during the school year under Section 13.109 of this code, the teacher shall have the right to appeal such action to the commissioner of education, for review by him....

Former Educ.Code Ann. § 13.115(a) (West 1991). Standing alone, the right to appeal to the Commissioner "for review by him" does not confer upon that office the right to exercise its own administrative discretion and judgment in teacher employment decisions, and no other statute purports to delegate such authority. In establishing the office of commissioner of education as part of the central education agency, former section 11.01 reserved to local school boards all powers not specifically delegated to the central agency:

It shall carry out such educational functions as may be assigned to it by the legislature, but all educational functions not specifically delegated to the Central Education Agency shall be performed by county boards or district boards of trustees.

Former Educ.Code Ann. § 11.01 (West 1991). This reservation of powers is continued in current section 11.151(b):

All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved for the trustees, and the agency may not substitute its judgment for the lawful exercise of those powers and duties by the trustees.

Educ.Code Ann. § 11.151(b) (West 1996).

■ Under a de novo standard of review, the Commissioner would effectively be making the employment decision rather than the local board. *See Upshur*, 731 S.W.2d at 561. We cannot infer such authority from the silence of section 13.115(a). By not granting authority to make teacher discharge deci-

---

7. Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016.

8. Under the current statute the Commissioner is to conduct a substantial evidence review of teacher employment decisions. The Commissioner is to consider the appeal solely on the basis of the local record, except in cases where procedural irregularities are alleged, and may not substitute the Commissioner's judgment for that of the local board unless the board's decision is arbitrary, capricious, or unlawful or is not supported by substantial evidence. Educ.Code Ann. § 21.301–21.303 (West 1996) (effective for teacher suspensions and terminations occurring after January 1, 1996). Because Aguilar was discharged in 1990, his appeal is not governed by the clearly stated standard of review set forth in section 21.303.

sions to the Commissioner, the legislature has reserved those powers to local trustees. The only type of review consistent with this reservation of powers is a substantial evidence review.

We also note that the 1967 legislature laid down for the first time mandatory procedures governing the discharge of teachers for cause: (1) the teacher was entitled to notice of a proposed discharge for cause, copies of certain documents, and an opportunity for a hearing; (2) at this hearing the teacher was entitled to be represented by counsel, to hear evidence supporting the proposed discharge, to cross-examine adverse witnesses, and to adduce evidence; and (3) if the board of trustees ordered the teacher discharged, the teacher was entitled to appeal to the Commissioner or to sue in district court.[9] Act of June 18, 1967, 60th Leg., R.S., ch. 745, § 4–7, 1967 Tex. Gen. Laws 2012, 2014–17 (Former Educ.Code Ann. § 13.106–.115, since repealed; *see now* Educ.Code Ann. §§ 21.152, .158, .159, & .251–.307 (West 1996) governing terminations after January 1, 1996). It is unreasonable to conclude the legislature intended boards of trustees to conduct expensive trial-type proceedings that would be rendered redundant and meaningless each time a teacher brought a de novo appeal to the Commissioner. *Cf. Big Spring Firemen's Relief & Retirement Fund v. Firemen's Pension Comm'r*, 808 S.W.2d 608, 612 (Tex. App.—Austin 1991, no writ) (decision of the lower board automatically vacated upon the taking of a pure de novo appeal).

Considering the statutory scheme as a whole, we cannot infer from former section 13.115(a) that the legislature intended to authorize the Commissioner to review appeals from teacher discharge decisions under a de novo standard. If the legislature intends that the Commissioner shall have authority to actually decide teacher discharge questions, it must say so. *See Upshur*, 731 S.W.2d at 561. Instead, the legislature expressly delegated the power to make these decisions to local school boards and granted to the Commissioner the power to determine on appeal whether a board of trustees followed the law in discharging for cause a teacher employed under a continuing contract. Substantial evidence review is the only power of review consistent with the legislature's intent and the statutory scheme as a whole. We accordingly hold that by redetermining the credibility of the witnesses and the weight that should be given their testimony in this case, and by substituting his judgment for that of the board, the Commissioner exceeded his statutory authority. We therefore sustain the first two points of error. Having sustained these points of error, we overrule point of error three.

■ In points of error four and five, Ysleta complains that the Commissioner erred in his conclusion of law that the school board violated its own procedures in not affording Aguilar proper notice and opportunity for a hearing. Aguilar's pleadings on appeal do not raise any complaint of procedural irregularity, and at the hearing Aguilar affirmatively stated: "I'm not at all alleging that there was any kind of procedural error, notice error, or anything like that." Because Aguilar failed to raise any complaint about notice or hearing before the trustees or in his petition for review, the Commissioner erred in raising this issue sua sponte. We sustain points of error four and five. Having sustained these points of error, we overrule point of error six complaining of the trial court's failure to hear additional evidence regarding the procedural issues.

## CONCLUSION

We reverse the Commissioner's final order and the district court's judgment sustaining

---

9. Before 1967, the education statutes were silent regarding any procedures pertaining to the dismissal of teachers, although judicial decisions had held they might only be discharged for cause. *See* Frank W.R. Hubert, Jr., *Dismissals of Public–School Employees in Texas—Suggestions for a More Effective Administrative Process*, 44 Tex. L.Rev. 1309, 1317–18 (1966). Certain regulations adopted by the State Board of Education recommended but did not require boards of trustees to employ trial-type procedures in deciding grievances or administrative controversies such as affording a hearing after notice, the right to counsel, the right to introduce evidence and cross-examine adverse witnesses, the right to make oral argument, file briefs, have a transcript of the evidence and obtain a decision in writing. *See* John Carroll Hinsley, *The Handbook of Texas School Law* 1171–74 (3d ed. 1958); *Id.* at 1471–74 (4th ed. 1968).

that order, and remand the cause to the Commissioner for review of the board's decision under the substantial evidence standard.