Eagle Pass v. Woolworth 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00656-CV






Eagle Pass Independent School District, Appellant



v.



Margaret Woolworth; Central Education Agency; and Mike Moses, in his Official


Capacity as the Commissioner of Education for the State of Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-11195, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING






 This is an appeal from a district court judgment in a continuing contract teacher termination
case. (1) Appellant Eagle Pass Independent School District's Board of Trustees (the "Board") voted to
terminate its teacher, appellee Margaret Woolworth. She appealed to the Commissioner of Education (the
"Commissioner") who reversed the Board's decision. Eagle Pass then sued in district court for judicial
review of the Commissioner's order. (2) The district court upheld the Commissioner's decision. On appeal
to this Court, Eagle Pass complains that the district court erred in affirming the Commissioner because he
applied the incorrect standard of review. We will reverse the judgment of the district court. 

FACTUAL AND PROCEDURAL BACKGROUND


 Margaret Woolworth was employed as an elementary school teacher under a continuing
contract with Eagle Pass Independent School District during the 1990-91 school year. See Former Educ.
Code §§ 13.107, .109. Parents of four of Woolworth's students complained that she had classroom
discipline problems, made inappropriate remarks to their children, used abusive language, and engaged in
improper classroom conduct. The charges included that she scratched and pushed students; threw erasers
and a pencil at students; exposed herself to them when sitting; told students that she had a right to kill them;
called students demeaning names; and refused to allow students to use the restroom when necessary. No
one at the District talked directly to the four students to evaluate the truthfulness of their accusations but
officials did confer with their families; Woolworth was not included in these discussions. The Eagle Pass
superintendent proposed to the Board that Woolworth's employment be terminated. The Board notified
Woolworth in writing that it proposed to terminate her employment (1) due to her physical and mental
incapacity that prevented her performing her contract and (2) for good cause based on her failure to meet
generally accepted standards of conduct for teachers by violating seven enumerated principles in the Code
of Ethics and Standard Practices for Texas Educators. See 19 Tex. Admin. Code § 177.1 (West 1997)
(Teachers' Professional Practices Comm'n, Standards, Ethics, and Practices). Woolworth requested a
hearing at which she appeared with a teacher representative and challenged the accusations. The four
students who had complained did not testify; the information was presented by their parents or other
relatives and school officials. (3) At the conclusion of the evidentiary hearing, the Board voted to discharge
Woolworth.

 Woolworth appealed the Board's decision to the Commissioner claiming the Board
violated numerous provisions of the Texas Education Code and that she was not guilty of the alleged
actions. See Former Tex. Educ. Code § 13.115(a). The Commissioner held an evidentiary hearing on the
merits of her discharge, deciding the appeal by de novo review. (4) The written record of the Board's hearing
was introduced before the Commissioner. In addition, the Commissioner received extensive evidence not
considered by the Board such as: (1) videotaped depositions of teachers, a teacher's aide, and the four
students taken after the Board's hearing; (2) live testimony from Woolworth, a child psychologist, and an
Eagle Pass principal; and (3) documentation regarding Woolworth's employment, class notes, lesson plans,
and newspaper articles. The Commissioner made findings of fact based upon a preponderance of the
evidence he received, finding for example that the students' accusations were unproven, distorted, or false;
that the Board had failed to advise Woolworth of sufficient factual detail of the grounds for seeking her
termination; that no mental or physical incapacity prevented Woolworth from performing her contract; and
that she did not fail to meet accepted standards of professional conduct. Based upon these findings of fact,
the Commissioner concluded the notice given Woolworth and the hearing afforded her violated
Woolworth's procedural due process rights, and that the Board lacked good cause to terminate her
contract. The Commissioner did not order a new hearing but instead ordered Eagle Pass to reinstate
Woolworth. 

 Both Eagle Pass and Woolworth sought judicial review of the Commissioner's final decision
in district court. (5) The district court affirmed the decision of the Commissioner. Eagle Pass appealed to this
Court and challenged the Commissioner's decision on the ground that the Commissioner applied the wrong
standard of review in reviewing Eagle Pass's termination of Woolworth. 


DISCUSSION


 Eagle Pass asserts in a single point of error that the trial court erred in affirming the
Commissioner's decision because in conducting his hearing, the Commissioner applied the incorrect
standard of review. The Commissioner does not dispute that in overturning her discharge he exercised his
own discretion and judgment, assessed the weight and credibility of the evidence, and made factual
determinations based upon a preponderance of the evidence he received. 

 Woolworth's appeal to the Commissioner was governed by former section 13.115(a) of
the Texas Education Code because she was under a continuing contract and was terminated during the
school year. See Former Educ. Code. Ann. §§ 13.107, 109, .115(a). Although former section 13.115(a)
fails to specify the manner and scope of review by the Commissioner, this Court recently held that the
Commissioner's review is governed by the substantial evidence rule. Ysleta Indep. Sch. Dist. v. Meno,
933 S.W.2d 748, 753 (Tex. App.--Austin 1996, writ denied). 

 In a substantial evidence review, the reviewing tribunal may not re-weigh the evidence, find
facts, or substitute its judgment for that of the original tribunal. Id. at 751 n.5 (citing Central Educ. Agency
v. Upshur County Commr's Court, 731 S.W.2d 559, 561 (Tex. 1987)). In this case, the Commissioner
received new evidence, evaluated the demeanor and credibility of the witnesses, determined the weight to
be given to the witnesses' testimony and the documentary evidence, and substituted his judgment for that
of the Board. The Commissioner exceeded his statutory authority by failing to conduct a substantial
evidence review. We, therefore, sustain Eagle Pass's point of error. (6) 

CONCLUSION


 We reverse the district court's judgment and remand the cause to the Commissioner for
review of the Board's decision under the substantial evidence rule. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: July 24, 1997

Do Not Publish

1. Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016, amended
by Act of May 20, 1971, 62d Leg., R.S., ch. 405, § 2, 1971 Tex. Gen. Laws 1449 (codified at Tex.
Educ. Code Ann. § 13.001 et seq., since repealed and recodified as Tex. Educ. Code Ann. § 21.001 et
seq. (West 1996)). Because the relevant provisions were amended by the 74th legislature, all cites will be
to the former code ("Former Educ. Code"). 
2. See Former Educ. Code § 13.115(c). 
3. The only procedural complaint Woolworth raised before the Board was that the district had not
provided her every annual evaluation but only her evaluations for the past three years and had not provided
her with all grievances she had filed but only the ones filed since the 1989-90 school year. During the
hearing she objected to a psychologist's report but the record does not reflect her reason, it was not
admitted in evidence, and the psychologist did not testify. She also argued that her due process rights had
been violated by not attempting to resolve matters at the lowest level by including her in conferences
concerning the complaints. 
4. For the first time, Woolworth complained in her pleadings to the Commissioner that the written notice
she received was insufficient and denied her procedural due process of law because it did not provide her
factual detail of the names of witnesses and the nature of their testimony against her. The record of the
Board's hearing contains pre-hearing correspondence including a long list furnished to her of witnesses and
a summary of their proposed testimony.
5. Eagle Pass claimed that the Commissioner (1) exceeded his authority and acted arbitrarily by
substituting his judgment for that of the local board and (2) based his decision on unlawful procedure,
because he erroneously conducted a de novo review of the Board's decision. Woolworth claimed that the
Commissioner erred in not awarding backpay. 
6. The Commissioner argues in the alternative that, even if he applied the wrong standard of review, the
judgment must be upheld because his legal conclusion is unchallenged on appeal that the notice given
Woolworth and the hearing afforded her violated her procedural due process rights. We disagree. 
Woolworth never complained to the Board that the written notice she received was deficient; the
Commissioner made no finding that the written notice and subsequent notices given her did not satisfy the
statute or were inadequate. The Commissioner emphasized that before the Board's hearing no one at the
District talked to the four accusing students, Woolworth was not given the opportunity to confront the four
students, and the Board made its decision without benefit of their testimony, while he gave great weight to
the students' video depositions from which he was able to judge their credibility. He found from a
preponderance of the evidence adduced at the hearing that the District failed to advise Woolworth of the
grounds for seeking her termination in sufficient factual detail to fairly enable her to show any error that
might exist. He thereby concluded that the notice and hearing violated her procedural due process rights. 
The Commissioner's decision makes clear that his conclusion turns upon the scope of review he employed:
the findings that support his conclusion he determined from a preponderance of the evidence adduced at
the hearing, based upon his judgment as to credibility of witnesses and the weight he ascribed to the
evidence. 


stimony and the documentary evidence, and substituted his judgment for that
of the Board. The Commissioner exceeded his statutory authority by failing to conduct a substantial
evidence review. We, therefore, sustain Eagle Pass's point of error. (6) 

CONCLUSION


 We reverse the district court's judgment and remand the cause to the Commissioner for
review of the Board's decision under the substantial evidence rule. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: July 24, 1997

Do Not Publish

1. Act of May 27