TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00121-CV







Harlandale Independent School District and the Board of Trustees of Harlandale
Independent School District, Appellants


v.



The Central Education Agency, Mike Moses and Ramon Guzman, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-00936, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







 Appellants Harlandale Independent School District (the "District") and the Board
of Trustees of Harlandale Independent School District (the "Board") (collectively, "Harlandale")
appeal the district court's judgment affirming the Commissioner of Education's (the
"Commissioner's") administrative decision invalidating the Board's decision to terminate the
teaching contract of Ramon Guzman. We will reverse the district court judgment and remand the
cause to the Commissioner.


BACKGROUND

 Ramon Guzman and Priscilla Ingram both taught in the District at Terrell Wells
Middle School in 1995. In March of 1995, Ingram complained to the vice-principal of Terrell
Wells that Guzman made repeated and unwelcome advances toward her in an attempt to initiate
a romantic relationship with her. While the Board investigated Ingram's allegations, Debbie
Meier, a former teacher at Terrell Wells, came forward with similar allegations against Guzman. 
Based on the information gathered during its investigation, (1) the Board proposed to terminate
Guzman's continuing teaching contract on the basis of "immorality," which was one of six
grounds for which a teacher could be terminated under former Texas Education Code section
13.109. (2) Upon Guzman's request, the Board held a hearing on July 14, 1995. The Board heard
live testimony from Ingram, Meier, Guzman, and others, and at the conclusion of the hearing the
Board voted to terminate Guzman's continuing contract on the basis of immorality.

 Guzman appealed the Board's decision to terminate his contract to the
Commissioner. (3) Attorneys for Harlandale requested the administrative law judge ("ALJ")
appointed by the Commissioner to preside over the cause to conduct a substantial evidence review (4)
of the record of the hearing before the Board in order to decide Guzman's appeal. The ALJ
denied this request, citing the Commissioner's long-standing practice of using a preponderance of
the evidence de novo standard to review teacher termination cases under former Education Code
section 13.019. (5) The parties then presented their cases to the ALJ, again using live testimony
from Ingram, Meier, Guzman, and others. Following the hearing and after reviewing the parties'
post-hearing briefs, the ALJ issued findings of fact and conclusions of law in his proposal for
decision. He found that Guzman's conduct was not inappropriate, that Guzman was a credible
witness, and that Ingram and Meier were not credible witnesses. The ALJ concluded that Guzman
did not act immorally and that the Board did not have cause to terminate his continuing contract.

 Harlandale filed special exceptions to the proposed decision, noting that on the same
day the ALJ issued his proposal, this Court issued Ysleta Independent School District v. Meno,
03-94-00381-CV (Tex. App.--Austin July 31, 1996) (opinion withdrawn). When the later
withdrawn Ysleta opinion was first issued, this Court held that the Commissioner should conduct
a "substantial evidence de novo" review of appeals from local school board decisions to terminate
a teacher's continuing contract under former Education Code section 13.109. Harlandale urged
the Commissioner not to adopt the ALJ's decision because it did not apply the correct standard of
review under Ysleta.

 The Commissioner adopted the ALJ's decision in its entirety, noting in his decision
that because Ysleta was pending on a motion for rehearing, (6) the Commissioner stood by his
interpretation of the standard of review in teacher termination cases.

 Harlandale sought judicial review of the Commissioner's administrative decision. (7) 
Harlandale's primary complaint in its appeal to the district court focused on the Commissioner's
application of the improper standard of review. Harlandale urged the district court to remand the
cause to the Commissioner so that the Commissioner could conduct a substantial evidence review
of the Board's record as required by this Court in Ysleta Independent School District v. Meno, 933
S.W.2d 748, 750 (Tex. App.--Austin 1996, writ denied).

 Despite our holding in Ysleta, the district court affirmed the Commissioner's
decision. In its judgment, the district court found that although the Commissioner had not applied
the proper standard of review, Harlandale was not prejudiced by his action "because the statements
and actions of Ramon Guzman, even if true as alleged, do not constitute immorality as a matter
of law." The district court further concluded that the Commissioner's decision was reasonably
supported by substantial evidence in the record of the proceedings before the Commissioner. 
Harlandale requested findings of fact and conclusions of law; the district court denied the request.

 Harlandale appeals the district court's decision in three issues, arguing that the
district court erred: (1) by affirming the Commissioner's decision because the Commissioner
applied the wrong standard of review; (2) by concluding that Guzman's actions did not constitute
immorality as a matter of law; and (3) by denying Harlandale's request for findings of fact and
conclusions of law.


DISCUSSION

 All of the parties to this appeal agree that the Commissioner applied the wrong
standard of review to the Board's decision to terminate Guzman. Their disagreement concerns
whether the use of the wrong standard of review in any way affected Harlandale's rights. 
Harlandale argues that this misapplication substantially prejudiced its rights because the Board's
decision to terminate Guzman was given no deference. Instead, the Commissioner in effect
vacated the Board's decision and held an entirely new proceeding in which he redetermined the
credibility of the witnesses and substituted his own judgment and discretion for that of the Board. 
The district court compounded the error by reviewing the Commissioner's decision and
determining that it was supported by the evidence presented during the hearing before the
Commissioner. As a result, the record of the hearing before the Board has never been reviewed. 
 Appellees argue that it is of no consequence that the record of the Board's hearing
has never been reviewed because the district court held that even assuming everything alleged
against Guzman were true, his actions did not rise to the level of immorality as a matter of law. 

 In a substantial evidence review, the reviewing tribunal may not re-weigh the
evidence, find facts, or substitute its judgment for that of the original tribunal. See Ysleta, 933
S.W.2d at 751 n.5 (citing Central Educ. Agency v. Upshur County Comm'rs Court, 731 S.W.2d
559, 561 (Tex. 1987)). In this case, the Commissioner held an evidentiary hearing, received the
evidence anew, evaluated the demeanor and credibility of witnesses, weighed their testimony, and
substituted his judgment for that of the Board. The Commissioner exceeded his statutory authority
by failing to conduct a substantial evidence review, disregarding the Board's record of its decision
to terminate Guzman, and deciding the case anew. See Ysleta, 933 S.W.2d at 753 ("[B]y
redetermining the credibility of the witnesses and the weight that should be given their testimony
in this case, and by substituting his judgment for that of the board, the Commissioner exceeded
his statutory authority."). The Administrative Procedure Act requires a reviewing court to reverse
or remand a case for further proceedings if the administrative decision is in excess of the agency's
statutory authority. See Tex. Gov't Code Ann. § 2001.174(2)(B) (West Supp. 1999). Because
the Commissioner's administrative decision was in excess of his statutory authority, the proper
action for the district court was to remand the cause to the Commissioner. Accordingly, we agree
with Harlandale that the district court erred by affirming the Commissioner's decision. Because
this issue is dispositive, we decline to address Harlandale's second or third issues.


CONCLUSION

 We reverse the district court's judgment affirming the Commissioner's order and
remand the cause to the Commissioner to review the Board's decision under the substantial
evidence standard.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Reversed and Remanded

Filed: March 4, 1999

Do Not Publish

1. We will not recount the factual allegations against Guzman as they are not relevant to the
disposition of this appeal.
2. See Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 5, 1967 Tex. Gen. Laws 2012, 2014
(Tex. Educ. Code Ann. § 13.109, since repealed).
3. See Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012,
2016 (Tex. Educ. Code Ann. § 13.115(a), since repealed).
4. In a substantial evidence review, the reviewing tribunal's discretion extends only to
determining "whether the decision below resulted from a prejudicial error of law, such as an abuse
of discretion, an action taken in excess of authority, a violation of law, or fact findings that are
unreasonable in light of the evidence found in the record of proceedings before the original
tribunal." Ysleta Indep. Sch. Dist. v. Meno, 933 S.W.2d 748, 751 n.5 (Tex. App.--Austin 1996,
writ denied).
5. Under a preponderance of the evidence de novo review, the decision of the lower agency or
board is nullified. See Ysleta, 933 S.W.2d at 751 n.5; Big Spring Firemen's Relief & Retirement
Fund v. Firemen's Pension Comm'r, 808 S.W.2d 608, 612 (Tex. App.--Austin 1991, no writ). 
This type of review is not so much an appeal as it is a new proceeding in which the reviewing
tribunal substitutes its discretion and judgment for that of the lower body. See Ysleta, 933 S.W.2d
at 751 n.5; see also Central Educ. Agency v. Upshur County Comm'rs Court, 731 S.W.2d 559,
561 (Tex. 1987). 
6. This Court overruled the motion for rehearing but issued a substituted opinion in place of
the July 31, 1996 decision. See Ysleta Indep. Sch. Dist. v. Meno, 933 S.W.2d 748 (Tex.
App.--Austin 1996, writ denied). In the final Ysleta opinion, this Court held that the proper
standard of review for the Commissioner to apply to teacher termination cases is a substantial
evidence review confined to the record of the local school board hearing. See Ysleta, 933 S.W.2d
at 750.
7. See Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(i), 1967 Tex. Gen. Laws 2012,
2016 (amended by Act of June 30, 1984, 68th Leg., 2nd C.S., ch. 28, art. I, part D, § 5, 1984
Tex. Gen. Laws 117, 129 (Tex. Educ. Code Ann. § 13.115(c), since repealed)).


el of immorality as a matter of law. 

 In a substantial evidence review, the reviewing tribunal may not re-weigh the
evidence, find facts, or substitute its judgment for that of the original tribunal. See Ysleta, 933
S.W.2d at 751 n.5 (citing Central Educ. Agency v. Upshur County Comm'rs Court, 731 S.W.2d
559, 561 (Tex. 1987)). In this case, the Commissioner held an evidentiary hearing, received the
evidence anew, evaluated the demeanor and credibility of witnesses, weighed their testimony, and
substituted his judgment for that of the Board. The Commissioner exceeded his statutory authority
by failing to conduct a substantial evidence review, disregarding the Board's record of its decision
to terminate Guzman, and deciding the case anew. See Ysleta, 933 S.W.2d at 753 ("[B]y
redetermining the credibility of the witnesses and the weight that should be given their testimony
in this case, and by substituting his judgment for that of the board, the Commissioner exceeded
his statutory authority."). The Administrative Procedure Act requires a reviewing court to reverse
or remand a case for further proceedings if the administrative decision is in excess of the agency's
statutory authority. See Tex. Gov't Code Ann. § 2001.174(2)(B) (West Supp. 1999). Because
the Commissioner's administrative decision was in excess of his statutory authority, the proper
action for the district court was to remand the cause to the Commissioner. Accordingly, we agree
with Harlandale that the district court erred by affirming the Commissioner's decision